UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LAVERA GRANETHA ASHANTI, individually and on behalf of all others similarly situated, | Case No. 10-CV-2121 (PJS/JJG) |
| Plaintiff, | ORDER |
| v. | |
| THE CITY OF GOLDEN VALLEY as representative defendant for all other municipal defendants similarly situated, | |
| Defendant. | |

A.L. Brown, THE LAW OFFICES OF A.L. BROWN; Andrew Davick and Anthony J. Nemo, MESHBESHER & SPENCE, for plaintiff.

Monte A. Mills, Clifford M. Greene, and Samuel J. Clark, GREENE ESPEL P.L.L.P., for defendant.

The Minnesota State Patrol seized plaintiff LaVera Granetha Ashanti's car in June 2008 when it arrested her son for driving the car while drunk. Ashanti filed a state-court action to get her car back. In that action, the Minnesota State Patrol was represented by an attorney employed by defendant City of Golden Valley. Ashanti prevailed, and her car was returned to her. In this action, Ashanti contends that Golden Valley — merely by representing the Minnesota State Patrol in the state-court action — violated her federal and state constitutional rights. The Court disagrees, and dismisses Ashanti's complaint with prejudice.

I.  BACKGROUND

Ashanti loaned her car to her son, Jesse D. Holloman, on June 15, 2008. That same day, an officer of the Minnesota State Patrol arrested Holloman within the city limits of Golden

Valley for driving the car while drunk.  As part of the arrest, the officer took Ashanti's car.  Compl. ¶¶ 5-8 [Docket No. 1].  In taking the car, the officer was acting pursuant to Minn. Stat. § 169A.63, which governs the forfeiture of a vehicle driven by an impaired driver (or by a driver who refuses to be tested for impairment).

The next day, the Minnesota State Patrol and an attorney employed by Golden Valley each sent a separate notice to Ashanti informing her that her car had been seized in connection with Holloman's arrest and was subject to forfeiture.  Compl. ¶ 9; Clark Aff. [Docket No. 10] Ex. D; Letter from A.L. Brown to Court (Nov. 22, 2010) [Docket No. 20].  About a month later, Ashanti challenged the forfeiture by filing a "Petition for Judicial Determination of Forfeiture and Return of Property" in Hennepin County District Court.  Compl. ¶ 10; Clark Aff. Ex. C.  Under Minn. Stat. § 169A.63 subd. 8(d), filing such a petition is the prescribed method for challenging the forfeiture of a vehicle seized in connection with an arrest for driving while impaired.

Although the nominal defendant in Ashanti's action was her car, the real defendant was the Minnesota State Patrol, which had seized the car, was in possession of the car, and, if the car were to be forfeited, would own the car.  Golden Valley's only involvement in the litigation was that a prosecutor employed by Golden Valley represented the Minnesota State Patrol.

Ashanti's action was assigned to Judge Regina Chu of the Hennepin County District Court.  Compl. ¶ 11; Second Clark Aff. [Docket No. 16] Ex. F.  Judge Chu issued a scheduling order in September 2008 that set the case for trial in September 2009.  Compl. ¶¶ 13, 15.

Ashanti moved for summary judgment on December 11, 2008.  Compl. ¶ 16.  Ashanti argued that, as an "innocent owner," she was entitled to return of the car under Minn. Stat.

§ 169A.63 subd. 7(d).  The Minnesota State Patrol opposed Ashanti's motion.  *See* Compl. ¶ 17; Clark Aff. Ex. B at 4.

About four weeks later, on January 8, 2009, Judge Chu heard argument on the motion. Compl. ¶ 18.  Judge Chu agreed with Ashanti that her car was not subject to forfeiture, and judgment in Ashanti's favor was entered on January 16, 2009.  Compl. ¶¶ 21-22; Clark Aff. Ex. B; Second Clark Aff. Ex. F.

## II.  DISCUSSION

### *A.  Standard of Review*

Golden Valley moves to dismiss under Fed. R. Civ. P. 12(b)(6).  But Golden Valley has supported its motion with documents outside of the complaint, and after the hearing on Golden Valley's motion, Ashanti submitted as an exhibit a letter from Golden Valley's attorney to Ashanti dated June 16, 2008.  Under Fed. R. Civ. P. 12(d), when "matters outside the pleadings are presented to and not excluded by the court" in connection with a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d). Further, if a Rule 12(b)(6) motion is converted to a Rule 56 motion, the court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion."  *Id.*

Whether to convert Golden Valley's dismissal motion to one for summary judgment is a close question.  Most of the documents that Golden Valley has submitted in connection with its motion are matters of public record, such as records from the state-court forfeiture action.  A court may generally rely on public records in ruling on a motion to dismiss without being required to convert the motion into one for summary judgment. *See, e.g.*, *Stahl v. U.S. Dep't of*

*Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.").

But both Golden Valley and Ashanti have also submitted letters that are not matters of public record. Clark Decl. Ex. D; Letter from A.L. Brown to Court (Nov. 22, 2010). If the Court considers those letters, it should arguably convert Golden Valley's motion to dismiss into a motion for summary judgment. *See Evans v. McDonnell Aircraft Corp.*, 395 F.2d 359, 361 (8th Cir. 1968) ("Since both parties filed affidavits and exhibits in support of their respective positions, which were not excluded by the District Court, the motion to dismiss should properly have been treated as one for summary judgment."). *But see Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (holding that in deciding a Rule 12(b)(6) motion, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.").

The Court believes that the most prudent approach is to consider the letters submitted by Golden Valley and Ashanti and to treat Golden Valley's motion as a summary-judgment motion. Both of the letters relate to the core event in the case (the seizure of Ashanti's car), and the letters' authenticity is unchallenged by either party. Further, Ashanti was aware that Golden Valley had submitted material outside of the pleadings in support of its motion, and Ashanti not only had the opportunity to present material of her own in response, but she took advantage of that opportunity. Finally, because the Court's decision turns almost entirely on legal questions related to Minn. Stat. § 169A.63, no additional facts would affect the Court's decision. That is,

all of the relevant facts are established by the allegations in Ashanti's complaint and by the admittedly authentic documents submitted to the Court by both parties.[1]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over a fact is "material" only if its resolution might affect the outcome of the lawsuit under the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## B. Ashanti's Claims

Ashanti was deprived of the use of her car for roughly seven months. Based on this deprivation, Ashanti brings three types of claims: (1) a takings claim; (2) a procedural-due-process claim; and (3) an unreasonable-seizure claim. Because Ashanti brings each of these claims under both the United States and Minnesota constitutions, her complaint includes a total of six causes of action.

At the core of this case is an important substantive question: When the government seeks to forfeit a car seized in connection with a criminal case, what sort of procedures must the government follow to protect the car owner's rights?

---

[1] Nothing turns on the question of whether Golden Valley's motion should be treated as a motion to dismiss or a motion for summary judgment. Even if the Court disregarded the two letters submitted by the parties and treated Golden Valley's motion as a motion to dismiss, the Court would grant the motion and dismiss Ashanti's complaint for the reasons described in this opinion — none of which rely on the contents of the letters.

As the Supreme Court held in *Bennis v. Michigan*, the United States Constitution does not forbid the state to forfeit property seized in connection with a crime even if the property's owner is himself innocent of the crime. 516 U.S. 442, 449 (1996) ("[The car's co-owner] did not know that her car would be used in an illegal activity that would subject it to forfeiture. But . . . the Due Process Clause of the Fourteenth Amendment does not protect her interest against forfeiture by the government."); *id.* at 451 (discussing "well-established authority rejecting the innocent-owner defense" in forfeiture cases).

But even if an innocent owner's property may constitutionally be subject to forfeiture, the *procedure* by which the forfeiture occurs must accord with federal and state constitutions. Specifically, the Second Circuit has held, as a matter of federal constitutional law, that when the government seizes a car in connection with a crime and seeks to forfeit the car, the car's owner must have a prompt opportunity to challenge the forfeiture. *Krimstock v. Kelly* (*Krimstock I*), 306 F.3d 40, 70 (2d Cir. 2002) ("[W]e hold that promptly after their vehicles are seized . . . as alleged instrumentalities of crime, plaintiffs must be given an opportunity to test the probable validity of the City's deprivation of their vehicles *pendente lite*, including probable cause for the initial warrantless seizure."); *Krimstock v. Kelly* (*Krimstock II*), 464 F.3d 246, 255 (2d Cir. 2006) (holding that "a prosecutor's decision to retain a vehicle as potential evidence" must be reviewed "by a neutral fact-finder . . . although no adversarial hearing is required").

The Seventh Circuit reached the same conclusion in *Smith v. City of Chicago*, following *Krimstock I* and holding that a car owner must have "some sort of mechanism to test the validity" of the government's retention of a car seized in connection with a crime. 524 F.3d 834, 838 (7th Cir. 2008). The Supreme Court then granted certiorari in *Smith* on the question

"whether Illinois law provides a sufficiently speedy opportunity for an individual, whose car or cash police have seized without a warrant, to contest the lawfulness of the seizure." *Alvarez v. Smith*, 130 S. Ct. 576, 578 (2009).  But the Supreme Court vacated *Smith* when it determined that the case was moot because the plaintiffs and the government had resolved their disagreements over the forfeited property at issue.  *Id.*

Ashanti's basic argument is the same one made by the plaintiffs in *Krimstock* and *Smith*: She contends that the government should have provided a process that would have allowed her to get her car back sooner.

Golden Valley responds with a panoply of arguments in favor of dismissal.  The Court agrees with one of those arguments — namely, that because Golden Valley itself did not seize Ashanti's car or otherwise deprive her of any property, Golden Valley did not violate her constitutional rights.  The Court will first address that argument, and then, for the sake of completeness, the Court will address the other arguments made by Golden Valley.

1. Golden Valley's Meritorious Defense

Golden Valley argues that it cannot be held liable for either a taking or an unreasonable seizure for one simple reason:  Golden Valley did not take Ashanti's car.  Rather, Ashanti's car was taken by the Minnesota State Patrol, an agency of the State of Minnesota.  Def. Mem. Supp. Mot. Dism. at 18 [Docket No. 9].  Relatedly, Golden Valley argues that Ashanti's true claim lies against the state, not Golden Valley.  *Id.* at 13-16.  And while Golden Valley does not expressly argue that it cannot be liable for a due-process violation because Golden Valley did not do anything to deprive Ashanti of a constitutionally protected interest, this argument is effectively embraced by Golden Valley's argument, in connection with the takings and unreasonable-seizure

claims, that Golden Valley took nothing from Ashanti. Obviously, if Golden Valley did not deprive Ashanti of property *at all*, it did not deprive her of property *without due process*.

There is no dispute that Ashanti's car was seized by officers of the Minnesota State Patrol when they arrested her son for driving while intoxicated. Compl. ¶ 5. Further, there is no dispute that an officer of the Minnesota State Patrol prepared the "Notice of Seizure and Intent to Forfeit Vehicle" in connection with the arrest. Clark Aff. Ex. D at 2. This notice was then mailed to Ashanti twice, once by the Minnesota State Patrol and once by a private attorney acting as Golden Valley's municipal prosecutor. Clark Aff. Ex. D at 1; Letter from A.L. Brown to Court (Nov. 22, 2010).

Roughly five weeks after the seizure, in accordance with Minn. Stat. § 169A.63 subd. 8(d), Ashanti filed a petition challenging the forfeiture in Hennepin County District Court. Compl. ¶ 10. Golden Valley's attorney then represented the Minnesota State Patrol in that forfeiture action, which ultimately led to the return of Ashanti's car. Second Clark Aff. Ex. F.

But the fact that Golden Valley sent a notice to Ashanti and then litigated the forfeiture action does not mean that Golden Valley took Ashanti's car or otherwise deprived her of any property. Indeed, Minnesota's vehicle-forfeiture statute, Minn. Stat. § 169A.63, clearly establishes that Golden Valley did *not* deprive Ashanti of any property.

Section 169A.63 distinguishes between law-enforcement agencies that make arrests and seize property, on the one hand, and prosecuting agencies that litigate forfeiture actions, on the other. A law-enforcement agency that seizes property in connection with an arrest is called the "appropriate agency." Minn. Stat. § 169A.63 subd. 1(b). In this case, the "appropriate agency" is the Minnesota State Patrol, which arrested Ashanti's son and seized the car. Golden Valley's

attorney is the "prosecuting authority" under the statute — namely, "the attorney in the jurisdiction in which the designated offense occurred who is responsible for prosecuting violations of a designated offense . . . ." Minn. Stat. § 169A.63 subd. 1(i).

Golden Valley, as the "prosecuting authority," never had any property interest, or even any possessory interest, in Ashanti's car. Rather, any such interest belonged to the Minnesota State Patrol under Minnesota's vehicle-forfeiture statute, which provides in relevant part:

> All right, title, and interest in a vehicle subject to forfeiture under this section vests in *the appropriate agency* upon commission of the conduct resulting in the designated offense or designated license revocation giving rise to the forfeiture. Any vehicle seized under this section is not subject to replevin, but is deemed to be in the custody of *the appropriate agency* subject to the orders and decrees of the court having jurisdiction over the forfeiture proceedings.

Minn. Stat. § 169A.63 subd. 3 (emphasis added). Golden Valley merely "appear[ed] for the appropriate agency" in the forfeiture proceeding as its attorney. Minn. Stat. § 169A.63 subd. 8(d) ("The prosecuting authority may appear for the appropriate agency.")

Further, if a vehicle is actually forfeited, the "appropriate agency" — not the "prosecuting authority" — has the right to either sell the vehicle or keep it for the agency's own use. Minn. Stat. § 169A.63 subd. 10. If the appropriate agency does sell the vehicle, the agency must pay 30 percent of the sale proceeds to the prosecuting authority. Minn. Stat. § 169A.63 subd. 10(b)(2). In effect, if the prosecuting authority represents the appropriate agency in a forfeiture proceeding, then the prosecuting authority may be compensated for providing that representation through a statutorily established contingent-fee arrangement. This contingent-fee arrangement does not make the prosecuting authority (here, Golden Valley) responsible for the actions of its client (here, the Minnesota State Patrol), any more than a contingent-fee

arrangement between a private client and its counsel would make counsel responsible for the private client's actions.

In sum, Golden Valley did not enact Minn. Stat. § 169A.63. Golden Valley did not seize Ashanti's property. Golden Valley did not possess Ashanti's property. Golden Valley did not initiate any action against Ashanti.[2] Instead, Golden Valley's only involvement in this matter was to permit one of its attorneys to appear on behalf of the Minnesota State Patrol in a state-court proceeding initiated by Ashanti.[3] Under these circumstances, Ashanti cannot prevail on any of her claims against Golden Valley.

### 2. Golden Valley's (Mostly) Unmeritorious Defenses

Golden Valley makes a host of additional arguments, some of which are clearly wrong or unsupported by authority, and most of which would not provide an alternative basis for dismissing Ashanti's claims. For the sake of completeness, the Court will briefly address those arguments.

---

[2]It is important to note that Ashanti's case involves the "prosecuting authority" *responding* to a "demand for a judicial determination" filed by a claimant under § 169A.63 subd. 8(d). Under a separate statutory subdivision, "[i]f no demand for judicial determination of the forfeiture is pending, the prosecuting authority may, in the name of the jurisdiction pursuing the forfeiture, file a separate complaint against the vehicle . . . ." Minn. Stat. § 169A.63 subd. 9(b). The Court expresses no opinion about whether, if a municipality such as Golden Valley *initiates* an action under subdivision 9(b) in the municipality's name, the municipality could be found to have deprived the vehicle's owner of her property without due process.

[3]The Court notes that the summary-judgment order in Ashanti's state-court forfeiture action refers to Golden Valley, not the Minnesota State Patrol, as the interested party seeking forfeiture of Ashanti's vehicle. *See* Clark Aff. Ex. B at Order ("Mylene A. Peterson, Esq. appeared on behalf of the vehicle and the City of Golden Valley."), 1 ("The City of Golden Valley seized [Ashanti's] vehicle . . . ."). For the reasons provided above, however, the state court misapprehended Golden Valley's role.

a.  Claim Preclusion

Golden Valley argues that Ashanti's claims are barred by the doctrine of claim preclusion because she could have raised them in the state-court forfeiture action.  Golden Valley is mistaken, at least insofar as Ashanti's claims are based not on the initial seizure of her car, but on the process used to adjudicate the lawfulness of that seizure.

The Court applies Minnesota law to determine the preclusive effect of a Minnesota judgment.  *See St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 457 F.3d 766, 770 (8th Cir. 2006).  Under Minnesota law, a claim in a later case may be barred by the disposition of an earlier case if the earlier case (1) arose out of the same factual circumstances, (2) involved the same parties or their privies, (3) resulted in a final judgment on the merits, and (4) provided the party being precluded with a full and fair opportunity to litigate the claim.  *See Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004).

The state-court forfeiture action satisfies the last two of these criteria:  The state-court action resulted in a final judgment on the merits, and it appears that Ashanti could have fully litigated her constitutional claims in state court.  It is not clear whether the state-court action satisfies the second criterion, which requires identity of the parties.  Golden Valley was not a party to the state-court action — rather, the real parties in interest were Ashanti and the Minnesota State Patrol — but it is conceivable that Golden Valley could be found to have been in privity with the Minnesota State Patrol.

It is clear, though, that the first criterion is not present, as the claim that Ashanti pursued in state court did not arise out of the same factual circumstances as the claim that Ashanti is pursuing before this Court.  True, neither that action nor this action would have arisen had the

Minnesota State Patrol not seized Ashanti's car. But claim preclusion does not bar every later suit that shares some of its factual predicates with a previous suit. To determine if a later suit involves the same factual circumstances as an earlier one for claim-preclusion purposes, a court must ask "whether the same evidence will sustain both actions." *McMenomy v. Ryden*, 148 N.W.2d 804, 807 (Minn. 1967); *see also Hauschildt*, 686 N.W.2d at 840-41 (quoting *McMenomy*). Moreover, a later suit does *not* involve the same factual circumstances as an earlier one if "the right to assert the second claim did not arise at the same time as the right to assert the first claim . . . ." *Care Inst., Inc.-Roseville v. County of Ramsey*, 612 N.W.2d 443, 447 (Minn. 2000); *see also Hauschildt*, 686 N.W.2d at 841 (quoting *Care Inst., Inc.-Roseville*).

Ashanti's right to challenge the *seizure* of her car in a state-court forfeiture action arose when the car was seized by the Minnesota State Patrol. Ashanti suffered that harm on June 15, 2008, and that harm was caused by the patrol officer who seized the car. But Ashanti's right to challenge the delays in the *process* for challenging the seizure did not arise until those delays were experienced. Ashanti suffered that harm between July 2008 (when she initiated the state-court forfeiture action) and January 2009 (when judgment was entered in her favor), and the harm was caused by the judicial system. *See* Pl. Mem. Opp. Mot. Dism. at 11 [Docket No. 12] ("[T]he operative facts that give rise to the present claim is [*sic*] the 207 days it took before Ms. Ashanti had an opportunity to challenge that seizure."). Put simply, the factual predicate of Ashanti's forfeiture action was the forfeiture itself, whereas the factual predicate of this action is the forfeiture *action*. Ashanti is therefore not barred by the doctrine of claim preclusion from challenging the constitutionality of the process provided by the State of Minnesota for seeking the return of vehicles seized under Minn. Stat. § 169A.63.

b.  Lack of City Policy

Golden Valley argues that, under Minn. Stat. § 169A.63, it was *mandated* to represent the Minnesota State Patrol in Ashanti's state-court action, and that such mandatory acts cannot give rise to municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Def. Mem. Supp. Mot. Dism. at 8-13.  Golden Valley is correct in asserting that a municipality cannot be liable under *Monell* if it merely implements a state law that it is obligated to enforce. *See Vives v. City of New York*, 524 F.3d 346, 353 (2d Cir. 2008); *Bethesda Lutheran Homes & Servs., Inc. v. Leean*, 154 F.3d 716, 718 (7th Cir. 1998).  But Golden Valley is incorrect in asserting that Minn. Stat. § 169A.63 required it to take the actions challenged by Ashanti.

Golden Valley relies on the following language:

> If property is seized without process under this clause, the prosecuting authority *must* institute a forfeiture action under this section as soon as is reasonably possible by serving a notice of seizure and intent to forfeit at the address of the owner as listed in the records of the Department of Public Safety.

Minn. Stat. § 169A.63 subd. 2(b)(3) (emphasis added).  Golden Valley misreads this language in two ways:

First, Golden Valley argues that this language applies to any case in which property is seized without process, including Ashanti's case. Def. Mem. Supp. Mot. Dism. at 10.  Yet by its terms, this language applies only when property is "seized without process *under this clause*." The "clause" to which the quoted language applies is clause (3) in subd. 2(b),[4] a clause that governs only one of three kinds of seizures without process — namely, seizures made when "the

---

[4] According to Minnesota's Office of the Revisor of Statutes, "[c]lauses are numbered (1), (2), (3), etc."  Office of the Revisor of Statutes, *Minnesota Revisor's Manual with Styles and Forms* 46 (2002).

appropriate agency has probable cause to believe that the delay occasioned by the necessity to obtain process would result in the removal or destruction of the vehicle." Minn. Stat. § 169A.63 subd. 2(b)(3). The quoted language does not apply to two other kinds of seizures without process — namely, seizures incident to a lawful arrest (such as the seizure of Ashanti's car) and seizures based on a prior court judgment. Minn. Stat. § 169A.63 subd. 2(b)(1)-(2).

Second, even if the quoted language applied to cases like Ashanti's (and it does not), this language requires only that the prosecuting authority "institute a forfeiture action under this section as soon as is reasonably possible by serving a notice of seizure and intent to forfeit" on the owner. Minn. Stat. § 169A.63 subd. 2(b)(3). The language does *not* require the prosecuting authority to subsequently represent the "appropriate agency" in the forfeiture action. Rather, the language merely requires the prosecuting authority to notify the vehicle's owner of the seizure. And this notice largely duplicates the notice that must be sent in every case by the "appropriate agency." Minn. Stat. § 169A.63 subd. 8(b) ("When a motor vehicle is seized under subdivision 2, or within a reasonable time after seizure, the appropriate agency shall serve the driver or operator of the vehicle with a notice of the seizure and intent to forfeit the vehicle."). In short, § 169A.63 requires the prosecuting authority to do nothing more than provide a duplicative notice — an act that is peripheral to the statutory scheme.

Finally, several subsections of § 169A.63 demonstrate conclusively that a prosecuting authority such as Golden Valley is not required to litigate a forfeiture action on behalf of the "appropriate agency." First, subdivision 1(i) of § 169A.63 clearly envisions that in cases such as Ashanti's in which a "state agency initiated the forfeiture," the prosecuting authority has the discretion *not* to pursue forfeiture: "If a state agency initiated the forfeiture, and the attorney

responsible for prosecuting the designated offense [i.e., the prosecuting authority] *declines to pursue forfeiture*, the Attorney General's Office or its designee may initiate forfeiture under this section."  Minn. Stat. § 169A.63 subd. 1(i) (emphasis added).  Second, the prosecuting authority is expressly permitted to decline to file an answer when a party files a demand for a judicial determination of forfeiture.  Minn. Stat. § 169A.63 subd. 8(d) ("No responsive pleading is required of the prosecuting authority . . . .").  And third, the subdivision that allows a prosecuting authority to institute its own judicial-forfeiture proceeding is entirely permissive, not mandatory.  *See, e.g.*, Minn. Stat. § 169A.63 subd. 9(b) ("If no demand for judicial determination of the forfeiture is pending, the prosecuting authority *may* . . . file a separate complaint against the vehicle . . . ." (emphasis added)).  In sum, Golden Valley's actions were not mandated by § 169A.63.

### c. State as Indispensable Party

Golden Valley argues that the State of Minnesota is an indispensable party under Fed. R. Civ. P. 19(a)(1)(A), which requires joinder of a party if "in that person's absence, the court cannot accord complete relief among existing parties . . . ."[5]  *See* Def. Mem. Supp. Mot. Dism. at 13-14.  According to Golden Valley, the Court cannot provide Ashanti the relief she seeks — namely, an injunction against Golden Valley's enforcement of Minn. Stat. § 169A.63 — because Golden Valley has no choice but to enforce the law.  *Id.* at 13 (asserting that Golden Valley cannot "provid[e] the relief that Ashanti seeks because all municipalities within the State lack the

---

[5]Golden Valley also asserts that the State of Minnesota "is an indispensable party because the State played the primary role in the facts of this case."  Def. Mem. Supp. Mot. Dism. at 14.  Golden Valley cites no authority for the proposition that a plaintiff must name as a defendant a party that "played the primary role in the facts of [a] case."  Rule 19 surely includes no such requirement.

authority to change the State's DWI forfeiture law, or to enact any regulations of their own that conflict with the State's law.").

As the Court has explained, Golden Valley is mistaken about the requirements of Minn. Stat. § 169A.63. The statute requires Golden Valley to do only one thing: In a limited set of circumstances, Golden Valley must send a notice of forfeiture to the person whose vehicle has been seized. Minn. Stat. § 169A.63 subd. 2(b)(3). Nothing in the statute requires Golden Valley to do anything more, and an injunction forbidding Golden Valley to respond to a claimant's demand for a judicial determination of forfeiture would not require Golden Valley to act contrary to the statute.

Moreover, Golden Valley's position rests on the implicit assumption that this Court could not enjoin Golden Valley from enforcing an unconstitutional state statute if that state statute required Golden Valley to enforce it. Golden Valley cites no authority for this proposition, almost surely because no such authority exists. The United States Constitution is "the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. A federal court has ample power to enjoin a municipality from violating the United States Constitution by enforcing a state law; it makes no difference that the state law requires municipalities to enforce it.

Golden Valley is on firmer ground in arguing that, because Ashanti challenges the constitutionality of a state statute, she was required by Fed. R. Civ. P. 5.1(a) to notify the Minnesota Attorney General of this suit. Ashanti admits that she did not provide the required notice. Pl. Mem. Opp. Mot. Dism. at 22 n.8. But Ashanti's failure to comply with Rule 5.1(a) is of no consequence, given that the Court has decided to dismiss her complaint.

d.  Defenses to Takings Claims

Golden Valley makes two arguments for dismissal of Ashanti's federal and state takings claims.  First, Golden Valley argues that the takings claims are unripe because Ashanti has not sought to be compensated for the alleged taking of her car through a state-provided mechanism.  Second, Golden Valley argues that the takings claims must be dismissed because, when it seized Ashanti's car, the government was exercising its police power, not its eminent-domain power.

As for the ripeness argument:  Ashanti asserts in her complaint that no adequate state remedy exists through which she could seek compensation for the taking of her car, Compl. ¶ 33, and Ashanti repeats this point in opposition to Golden Valley's motion to dismiss, Pl. Mem. Opp. Mot. Dism. at 24.  In response, Golden Valley asserts that Minn. Stat. § 462.361 subd. 1 provides a procedure through which Ashanti could have sought compensation.  Def. Reply Mem. Supp. Mot. Dism. at 16 [Docket No. 15] (quoting *Snaza v. City of Saint Paul*, 548 F.3d 1178, 1182-83 (8th Cir. 2008)).  Golden Valley's argument is puzzling.  The statute that it cites provides for challenges by "[a]ny person aggrieved by an ordinance, rule, regulation, decision or order of a governing body or board of adjustments and appeals acting pursuant to sections 462.351 to 462.364 . . . ."  Minn. Stat. § 462.361.  Neither the Minnesota State Patrol nor Golden Valley's municipal prosecutor is "a governing body or board of adjustments and appeals" — and neither has acted  "pursuant to sections 462.351 to 462.364" (which involve land-use planning) — so § 462.361 has absolutely nothing to do with Ashanti's claims.

That said, the Court does agree in part with Golden Valley's argument that a civil forfeiture cannot be challenged through a takings claim.  Specifically, the Court finds that Golden Valley is correct about Ashanti's *federal* takings claim.

-17-

If a forfeiture is otherwise lawful, a state does not violate the Fifth Amendment's Takings Clause (made applicable to states through the Fourteenth Amendment) by taking property through forfeiture proceedings. *Bennis v. Michigan*, 516 U.S. 442, 452 (1996). Further, the Eighth Circuit has held that "the government's temporary possession of seized property that is ultimately returned to a forfeiture claimant . . . is not a 'taking' for Fifth Amendment purposes." *United States v. $7,990.00 in U.S. Currency*, 170 F.3d 843, 845-46 (8th Cir. 1999). In light of this authority, Ashanti's federal takings claim would fail, even if Golden Valley had done the taking.

Whether Ashanti's state-law takings claim fails is a harder question. It is true (as Golden Valley points out) that the Minnesota Supreme Court observed in *Wensmann Realty, Inc. v. City of Eagan* that "[t]he language of the Takings Clause in the Minnesota Constitution is similar to the Takings Clause in the U.S. Constitution," and that the Minnesota Supreme Court has therefore "relied on cases interpreting the U.S. Constitution's Takings Clause in interpreting this clause in the Minnesota Constitution." 734 N.W.2d 623, 631-32 (Minn. 2007). But it is also true (as Golden Valley inexplicably fails to mention) that *Wensmann Realty* said that the Minnesota Supreme Court "ha[s] observed, however, that the language of the Takings Clause of the Minnesota Constitution can be construed to provide broader protections than the Takings Clause of the U.S. Constitution." *Id.* at 632 n.5.

Neither party devoted any effort to briefing whether the taking of Ashanti's car, although outside the protections of the Takings Clause of the United States Constitution, might nevertheless fall within the potentially broader protections of the Takings Clause of the Minnesota Constitution. Given the inadequacy of the parties' briefing of this issue, the Court

cannot hold that a civil forfeiture either can or cannot be challenged under the Minnesota Constitution's Takings Clause.

## III.  CONCLUSION

Ashanti was deprived of her car for about seven months.  But she was deprived of her car by the State of Minnesota, not the City of Golden Valley.  Whether the State of Minnesota violated Ashanti's federal or state constitutional rights by taking her car and requiring her to follow the procedures in Minn. Stat. § 169A.63 to get it back is an interesting question, but that question is not before the Court.  The only question before the Court is whether a reasonable jury could find that Golden Valley violated Ashanti's rights by, in effect, permitting one of its attorneys to represent the Minnesota State Patrol in the state-court action initiated by Ashanti. The answer to that question is "no."

## ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of defendant City of Golden Valley to dismiss [Docket No. 6] is treated as a motion for summary judgment and is GRANTED.

2. The complaint of plaintiff LaVera Granetha Ashanti is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 24, 2011                     s/Patrick J. Schiltz
                                           Patrick J. Schiltz
                                           United States District Judge